GOODYEAR TIRE & RUBBER COMPANY, APPELLANT, V. FRANK
W. BACON, APPELLEE.

FILED MARCH 12, 1912. No. 16,640.

1. **Evidence:** BOOKS OF ACCOUNT. Section 346 of the code defines the
circumstances under which books of account are receivable in
evidence. The evidence in the case at bar examined, and *held*
entirely insufficient to bring the offer of plaintiff's books of ac-
count within the provisions of said section.

2. **Evidence** examined, and *held* sufficient to sustain the action of the
trial court in directing the verdict.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JUDGE. *Affirmed.*

*William N. Chambers,* for appellant.

*Baldrige, De Bord & Fradenburg, contra.*

FAWCETT, J.

This action was instituted in the county court of Doug-
las county upon an account for merchandise sold and de-
livered to defendant. By his answer in that court defend-
ant denied one item in the account, and claimed a dis-
count on the residue of 10 per cent., and offered to con-
fess judgment for the balance, with interest to the time
of filing the answer, and for costs. When the case reached
the district court by appeal, defendant filed a similar
answer and offer to confess judgment. When plaintiff
rested, defendant moved the court to direct a verdict in
favor of plaintiff for the amount for which defendant had
offered to confess judgment, with interest to the time of
making his offer in the county court. This motion was
sustained, a verdict entered in accordance therewith, and
judgment entered upon the verdict, from which plaintiff
appeals.

The only "points" assigned in plaintiff's brief are:
Did the evidence prove the allegations of the petition to

such an extent that the case should not have been taken from the jury? That the court erred in ruling out the following question asked of the witness Nash, who was a bookkeeper in the office of the plaintiff at Akron, Ohio: "Q. You may state the amount appearing on the books of the Goodyear Tire & Rubber Company as owing to said company by Frank W. Bacon, the defendant, Omaha, Nebraska;" and that the court erred in excluding exhibit B.

It would serve no good purpose to set out the evidence. We have carefully read it all and find that it is ample to sustain the trial court in directing a verdict as was done. As to the second and third points above set out, it is sufficient to say that neither the books of the company nor exhibit B were established in any such manner as to render them competent as evidence against the defendant. Code, sec. 346.

The judgment of the district court was clearly right, and it is

AFFIRMED.